```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


ONOKALA CHIMA,                    )
                                  )
               Plaintiff          )
                                  )
          v.                      )   CIVIL NO.  2:10 CV 339
                                  )
HADADY CORPORATION,               )
                                  )
               Defendant          )
```

OPINION AND ORDER

This matter is before the court on the Motion for Leave to Withdraw or Amend Defendant's Responses to Plaintiff's First Request for Admissions [DE 37] filed by the defendant, Hadady Corporation, on February 27, 2012. For the following reasons, the motion is **GRANTED**.

Background

On December 17, 2011, the plaintiff, Onokala Chima, served a Request for Admissions on the defendant, Hadady Corporation. After the deadline for responding had expired, Chima's counsel informed defense counsel that he deemed the requests admitted. Defense counsel did not have previous knowledge of the requests, and immediately searched the firm's records and located a copy of the requests in the file. The requests inadvertently had been filed by a staff member without being scanned into defense counsel's data base and brought to his attention. Defense counsel sought

permission from Chima's counsel to provide untimely responses, but Chima's counsel refused.

Defense counsel represents that it would have admitted to all but two of the requests. Specifically, the defendant would have denied:

> Request No. 20: Please admit that Hadady did not carry out its Equal Employment Opportunity Policy as it relates to Plaintiff's complaints.
>
> Request No. 6: Please admit that Bill Thompson is still employed as a supervisor at Hadady.

The defendant now requests permission to submit its responses to Request Nos. 6 and 20.

## Discussion

Federal Rule of Civil Procedure 36 states in pertinent part:

> (a)(3) A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court. . . .
>
> (b) Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it

> would promote the presentation of the
> merits of the action and if the court is
> not persuaded that it would prejudice
> the requesting party in maintaining or
> defending the action on the merits.

Pursuant to Rule 36(b), the district court may permit a party to withdraw admissions upon motion "only when (1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result." **Donovan v. Carls Drug Company, Inc.**, 703 F.2d 650, 652 (2nd Cir. 1983). *See also* **Gutting v. Falstaff Brewing Corporation**, 710 F.2d 1309, 1313 (8th Cir. 1983); **Gardner v. Southern Railway System**s, 675 F.2d 949, 953 (7th Cir. 1982); **Szatanek v. McDonnell Douglas Corporation**, 109 F.R.D. 37, 40 (W.D.N.Y. 1985); **Equal Employment Opportunity Commission v. Baby Products Company**, 89 F.R.D. 129, 132 (E.D. Mich. 1981). If "it is evident from the nature of the case that [the] merits [of the admission] are contested", the court will not allow the admission to stand absent evidence of prejudice to the opposing party. **Szatanek,** 109 F.R.D. at 40. An admission will aid the merits of the case when it bears on a prima facie element.

The prejudice contemplated by the rule "relates to the difficulty a party may face in proving his case" because of the sudden need to obtain evidence required to prove the

matter that had been admitted.  *Gutting,* 710 F.2d at 1314. The plaintiff "cannot assert prejudice merely because" he "must prosecute this case on the merits." *Szatanek*, 109 F.R.D. at 40.  When the opposing party is apprised of the denial at an early stage, the risk of prejudice is minimal. See *Clark v. City of Munster*, 115 F.R.D. 609, 613 (N.D. Ind. 1987) (finding that defendant could not be prejudiced by responses that were three weeks late).

The court first must examine whether Hadady's admission speaks to the merits of the case. To succeed on his claim, Chima either must present direct evidence that Hadady discriminated against him or circumstantial evidence that similarly situated individuals were treated more favorably. Hadady's Equal Employment Opportunity Policy prohibits discrimination, encourages targets of discrimination to report such conduct, and prohibits retaliation against employees who make such reports.  By admitting that Hadady did not follow its Equal Employment Opportunity Policy with respect to Chima, Hadady essentially admitted that discrimination was permitted and retaliation may be taken against employees who made reports.  More importantly, Hadady admitted that it did not follow its policy with regard to Chima although the policy was followed with respect to other

employees.  This would establish that Hadady did not treat Chima the same as other similarly situated employees and would bear on a prima facie element of Chima's claim.

Turning to the second element, Chima has not demonstrated that he would suffer the type of prejudice contemplated by Rule 36.  In his response brief, Chima makes a boilerplate statement that he would suffer prejudice but does not expand on how he would be harmed.  The fact that he would have to proceed on the merits of the case is not a sufficient basis for establishing prejudice, and the record reflects that any delay in receiving the defendant's accurate response was minimal.  Defense counsel took immediate action upon learning that its responses had not been served in a timely manner.  Chima was aware at this point that the defendant intended to deny the statements.  Discovery remained open and ongoing, and Chima had time to continue gathering discovery in light of the defendant's amended response.  Given defense counsel's immediate response, and the fact that Chima had yet to conduct any depositions or complete discovery, it cannot be said that Chima relied on the admissions in preparation for trial.  Therefore, Chima has not suffered prejudice within the meaning of Rule 36.

_____

Based on the foregoing, the Motion for Leave to Withdraw or Amend Defendant's Responses to Plaintiff's First Request for Admissions [DE 37] filed by the defendant, Hadady Corporation, on February 27, 2012, is **GRANTED**. Hadady may amend its responses to Request for Admissions Nos. 6 and 20.

ENTERED this 14th day of June, 2012

                                          s/ ANDREW P. RODOVICH
                                          United States Magistrate Judge